UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEAFUEH MONBO**, <br><br> Plaintiff, <br><br> v. <br><br> **COURT OF SPECIAL APPEALS OF MARYLAND,** et al., <br><br> Defendants. | Case No. 1:23-cv-02205 (TNM) |

## MEMORANDUM OPINION

Proceeding pro se, Deafueh Monbo sues the Appellate Court of Maryland[1] and its chief judge seeking declaratory and injunctive relief regarding a now-closed state court appeal. The Court dismisses the case without prejudice for lack of both subject matter and personal jurisdiction.

### I.

One gleans few facts from Monbo's rudimentary complaint. At base, Monbo seeks review of an Appellate Court order instructing her to include certain portions of the trial court record in the record on appeal. Am. Compl. ¶¶ 8–10, ECF No. 5. But she does not identify the case underlying her Complaint—and there are several to choose from since Monbo is a serial state court litigant in Maryland.[2] The Appellate Court helpfully reviewed Monbo's litigation

---

[1] Monbo names the Court of Special Appeals of Maryland in her Amended Complaint. But in December 2022, it was renamed the Appellate Court of Maryland. The Court refers to the tribunal by its current name.

[2] Review of the Maryland's central case search database reveals that Monbo has been a plaintiff in at least 26 cases since 2000. *See Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings . . . .").

history and found that her appeal in *Monbo v. Richmond American Homes of Maryland, Inc.*, Case No. ACM-REG-0039-2023, was dismissed following her failure to comply with a court order compelling her to file trial court transcript. Mot. to Dismiss (MTD) at 1–2, ECF No. 9-1. Monbo agrees that this case prompts her present complaint. Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss at 1, ECF No. 12.

According to the Appellate Court docket, Monbo filed her appeal in *Richmond American Homes* in March 2023. MTD Exhibit 1, ECF No. 9-2. That June, the appellees moved to dismiss. MTD Ex. 2 at 1, ECF No. 9-3. They asserted that, under Maryland court rules, Monbo was required to submit to the appellate record a transcript from the lower court hearing. *Id*. In an order signed by Chief Judge Wells, the Appellate Court denied the motion to dismiss and ordered Monbo to submit the trial court transcript. MTD Ex. 3 at 1–2, ECF No. 9-4. The next day, Monbo filed a "response." MTD Ex. 4, ECF No. 9-5. She denied participating in the hearing for which Appellate Court was requiring a transcript. *Id*. And she asserted that, in any case, the transcript was not relevant to any issues on appeal. *Id*. The Appellate Court construed Monbo's response as a motion for reconsideration, which it denied. MTD Ex. 5, ECF No. 9-6.

Monbo then petitioned for writ of certiorari, asking the Supreme Court of Maryland to decide whether the Appellate Court could force her "to seek out a transcript for a hearing that [she] never participated in, never testified in, and is not relevant to the issues on appeal." MTD Ex. 6, ECF No. 9-7. The Supreme Court of Maryland denied Monbo's petition. MTD Ex. 7, ECF No. 9-8. And in August 2023, the Appellate Court dismissed Monbo's appeal. MTD Ex. 7, ECF No. 9-9.

Having struck out in state court, Monbo now airs her grievances here. Indeed, her Amended Complaint presents the same question that she posed to the Supreme Court of

Maryland: whether the Appellate Court erred in requiring her to produce the lower court transcript. In turn, the Appellate Court has moved for dismissal for lack of subject matter and personal jurisdiction, improper venue, state sovereign immunity, and failure to state a claim. The motion is now ripe for resolution.

## II.

The Court must construe a pro se complaint liberally, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But like all plaintiffs, pro se plaintiffs must plead facts that establish jurisdiction. *See Theus v. Ally Fin., Inc.*, 98 F. Supp. 3d 41, 44 (D.D.C. 2015).

To survive dismissal under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction by a preponderance of the evidence. *Chow v. WMATA*, 391 F. Supp. 3d 37, 40 (D.D.C. 2019). In deciding a Rule 12(b)(1) motion, the Court is not limited to the allegations in the Complaint but may also consider material outside of the pleadings. *See id.* at 41.

The Court lacks subject matter jurisdiction here. To start, Monbo's claim is moot. According to the Appellate Court docket, the appeal in which she was ordered to submit the transcript has been dismissed, Monbo has not appealed, and the time to file an appeal has lapsed. Ex. 1; *see* Md. Code 8-302(a). Now that the state court case is over, a decision by this Court will "neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019). Because it is "impossible for [the] court to grant any effectual relief," the case is moot. *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (cleaned up).

This is not to say that if the state court case were live, jurisdiction would be proper. Federal district courts cannot exercise appellate jurisdiction over state court judgments. *Singletary v. District of Columbia*, 766 F.3d 66, 71 (D.C. Cir. 2014) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). And they most certainly cannot exercise jurisdiction over a state court under the Administrative Procedure Act, as Monbo suggests. Opp'n at 4–8; *see Doe v. Bush*, 261 F.3d 1037, 1055 (11th Cir. 2001) ("the federal APA clearly does not apply to state agencies."). Because Monbo is "complaining of injuries caused by state-court judgments and inviting district court review and rejection of those judgments," the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id*. (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). So dismissal is required under Rule 12(b)(1).

The Court also dismisses Monbo's complaint under Rule 12(b)(2) because she fails to show personal jurisdiction over each defendant. *Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888 (D.C. Cir. 2021) ("[Plaintiffs] have the burden of establishing the court's personal jurisdiction over the defendant."). The Supreme Court has developed "two distinct analyses" for establishing personal jurisdiction: general jurisdiction and specific jurisdiction. *Id*. For general jurisdiction, Monbo must show that the defendant is domiciled, headquartered, or incorporated in the District of Columbia. *Id*. at 889 (citing D.C. Code § 13-422). Meanwhile, specific jurisdiction applies when the defendant takes "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

Monbo has not alleged—for obvious reasons—that the Appeals Court is headquartered or incorporated in the District of Columbia. Nor has she shown that Chief Judge Wells is domiciled

here. So general jurisdiction is off the table. As for specific jurisdiction, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., San Francisco Cnty.*, 582 U.S. 255, 265 (2017). Of the limited acts alleged in the complaint, all appear to have occurred in Maryland. And none appear to bear any relation to the District of Columbia. Dismissal under Rule 12(b)(2) is thus appropriate.[3]

\* \* \*

Recently, Monbo moved to amend the operative complaint. Mot. to Amend/Correct Second Am. Compl., ECF No. 13. Since Monbo has already amended the complaint once as a matter of course, she may amend the complaint again only with "the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). There is no suggestion Defendants consented.

Leave to amend will be "freely given" unless "(1) undue delay, bad faith or dilatory motive on the part of the movant," (2) a "repeated failure to cure deficiencies by amendments previously allowed," (3) "undue prejudice to the opposing party by virtue of allowance of the amendment," or (4) that granting leave to amend would be futile. *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 38 (D.C. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because Monbo's proposed second amended complaint does not resolve the jurisdictional defects discussed above, the Court concludes that granting leave to amend would be futile. *Accord Outterbridge v. DHS*, No. 15-cv-1391, 2017 WL 3503376, at \*2 (D.D.C. July

---

[3] The Court does not address the Appellate Court's arguments on venue, immunity, and whether it should decline jurisdiction under the Declaratory Judgment Act. The Court further lacks jurisdiction to address the Appellate Court's arguments on the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

7, 2017) (denying leave to amend when granting leave "would not solve the subject matter jurisdiction defect").

### III.

For these reasons, the Court will grant Defendants' motion to dismiss and deny Monbo's motion for leave to amend. A corresponding order will issue today.

Dated: December 12, 2023                                          TREVOR N. McFADDEN, U.S.D.J.